Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6405 | **DATE** | 2/7/2002 |
| **CASE TITLE** | Lucini Italia Company vs. Giuseppe Grappolini | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' motion to dismiss [8-1], and Plaintiff's motion for sanctions [14-1]. Both motions are denied. It is so ordered

*/s/ Charles R. Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 02 FEB -8 PM 3:33 | FEB 11 2002 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LUCINI ITALIA COMPANY, )
an Illinois Corporation )
 )
               Plaintiff, )
 ) No. 01 C 6405
v. )
 ) HONORABLE CHARLES R. NORGLE
 )
GIUSEPPE GRAPPOLINI, and )
GRAPPOLINI G. s.r.l. )
an Italian limited liability company, )
 )
               Defendants. )

**DOCKETED**

**FEB 1 1 2002**

## OPINION AND ORDER

**Charles R. Norgle, Sr. District Judge**

Before the court is Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the following reasons Defendant's motion is denied.

### I. Background

Plaintiff, Lucini Italia Co., ("Lucini"), an Illinois corporation, is attempting to assert a claim for relief against Defendant, Giuseppe Grappolini, an Italian citizen, and against Grappolini G. s.r.l., an Italian company (collectively "Grappolini"). Lucini is seeking relief under eight different counts, specifically: fraud, constructive fraud, misappropriation, unjust enrichment, trade secret misappropriation, breach of a fiduciary duty, promissory estoppel, and declaratory judgment. As this case proceeds the parties are engaged in arbitration in Italy pursuant to the rules of the London Court of Arbitration, in accordance with their previous written agreement.

1

Before the court is the parties agreement involving the start up of a new product line of olive oil. Although the details of the new arrangement were never written down, both parties agree that there was some form of an oral agreement between them. Both parties also agree that the oral agreement was reached primarily in Italy. The effort to create the new product was entitled the "LEO Project," which stands for Lucini Essential Oils. Grappolini's alleged role in the project was to find a supplier in Italy of olive oil for Lucini's needs.

In furtherance of this new agreement Lucini went to Italy for several meetings, but more importantly for the question at hand, Grappolini came to Illinois on several occasions to meet and discuss the project. When Grappolini was in Illinois, Lucini provided Grappolini with an office, business cards, and cell phone, with which to conduct business. On several occasions, while Grappolini was in Illinois, Grappolini made representations to potential Illinois clients regarding Lucini's product.

Somewhere along the way, the business relationship between Lucini and Grappolini soured. Lucini asserts that Grappolini used the valuable information that they had acquired through Lucini's marketing and research, to start up Grappolini's own olive oil business. Lucini also claims that Grappolini signed an agreement with the very same distributor that he was supposedly trying to get to service Lucini's proposed olive oil business. Lucini brought suit against Grappolini in Illinois state court. Grappolini removed Lucini's claim to the federal court based on the parties diversity of citizenship. Grappolini now asserts that this court does not have proper personal jurisdiction over him and moves to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. Discussion

In a diversity case, a federal district court has personal jurisdiction over a nonresident

defendant "only if a court of the state in which it sits would have such jurisdiction." Turnock v. Cope, 816 F.2d 332, 334 (7th Cir. 1987); Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986); Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1212 (7th Cir. 1984). In order to determine personal jurisdiction in a diversity suit the court conducts a two-part inquiry: (1) whether the state long-arm statute allows jurisdiction, and (2) whether the assertion of jurisdiction complies with Federal Constitutional due process standards. Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239, 1243 (7th Cir. 1990); See Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 279 (7th Cir. 1990); John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc., 821 F.2d 399, 401-02 (7th Cir. 1987) (Illinois long-arm statute); 4 Charles Wright & Arthur Miller, Federal Practice and Procedure §§ 1069 at 347 (1987).

Nonresident corporations are subject to the jurisdiction of Illinois courts if they fall under one of the provisions of the Illinois long-arm statute. Deluxe Ice Cream Co., 726 F.2d at 1212. The relevant provisions of the Illinois long-arm statute state:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of such acts:
> (1) The transaction of any business within this State;
> (2) The commission of a tortious act within this State;
> * * *
> (c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section.

735 ILCS 5/2-209. Each cause of action alleged must independently arise from one of the enumerated acts. Club Assistance Program, Inc. v. Zukerman, 594 F. Supp. 341, 345 (N.D.Ill. 1984) (citing Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc., 383 N.E.2d 1379, 1387

3

(Ill.App.Ct. 1978)).

In this instance Grappolini has transacted business within Illinois, the state from which this case arises. Grappolini came to Illinois on several occasions in an attempt to perpetuate the LEO project. Grappolini spoke with several potential clients personally and on the phone, and handed out business cards at trade shows all in an attempt to continue the business venture of Lucini. Grappolini's actions fall under the relevant provisions of the Illinois long-arm statute. 735 ILCS 5/2-209 (a)(1).

Lucini is also claiming that Grappolini misappropriated its trade secrets, which is a tortious act. Speakers of Sport, Inc. v. ProServ, Inc., 178 F.3d 862, 867 (7th Cir. 1999). Illinois courts have held that to establish that a defendant committed a tortious act in Illinois,

> the plaintiff must allege that the defendant performed an act or omission which caused an injury in Illinois, and that the act or omission was tortious in nature. Alternatively, the requirements of the tortious act provision . . . may be met if plaintiff demonstrates an economic injury in Illinois coupled with activity indicating an intent to affect Illinois interests

Arthur Young & Co. v. Bremer, 197 Ill. App. 3d 30, 36, 554 N.E.2d 671, 676, 143 Ill. Dec. 736 (1st Dist. 1990) (citations omitted). Lucini claims Grappolini misappropriated the marketing and research material that Grappolini had acquired in their attempt to produce a new line of olive oil, in violation of their oral agreement. Grappolini's actions in these particular instances fall under the Illinois long-arm statute. 735 ILCS 5/2-209 (a)(2).

Grappolini's business transactions and Lucini's claims for tortious acts show that Grappolini is subject to the jurisdiction of Illinois under the Illinois long-arm statute. Having determined that jurisdiction exists under the long-arm statute, the court now turns to whether constitutional due process requirements would be violated by exercising jurisdiction over the nonresident defendant. Due process requires that the defendant have "minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); FMC Corp. v. Varonos, 892 F.2d 1308, 1313 (7th Cir. 1990). The minimum contacts must be established by the purposeful acts of the defendant. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Examples of acts that, depending on the circumstances, might support a determination of jurisdiction include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987).

Two types of jurisdiction can be exercised over an out-of-state defendant, specific and general. When the defendant's activities in the state with respect to the transaction underlying the litigation serve as the basis for jurisdiction, the assertion of jurisdiction is said to be "specific." See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 n. 8 (1984); Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 666 n. 3 (7th Cir. 1986) (discussing difference between general and specific jurisdiction; Wallace v Herron, 778 F.2d 391, 393 (7th Cir. 1985)(same). By contrast, when the defendant's overall activity in the state, not simply its actions with respect to the underlying transaction, are the basis, the jurisdiction is said to be "general." See Helicopteros Nacionales de Colombia, 466 U.S. at 414 n. 9.

In this instance, Lucini is seeking to assert general jurisdiction over Grappolini. Lucini asserts that Grappolini has invoked general jurisdiction due to his contacts with the state. Grappolini has come to Illinois on several occasions and conducted business. Grappolini has passed out business cards, had use of an Illinois cell phone, and interacted with potential clients in the state.

5

That all of these instances were at the impetus of Lucini does not lessen Grappolini's contact with the state. Grappolini was purposely availing himself to the rights and protections of the state in which he was conducting business. Grappolini is also currently selling his own product in Illinois, "Olio Extra Vergine De Oliva." Whether Grappolini is intentionally directing the products to the state for sale, or they are distributed through others means is also irrelevant. The fact that the product is finding its way into the marketplace is enough to satisfy the minimum contact requirements of general jurisdiction. See Asahi Metal Indus. Co., 480 U.S. at 112. Therefore the Grappolini's motion to dismiss for lack of personal jurisdiction is denied.

Additionally, Lucini, in its response to Grappolini's motion to dismiss, has brought a motion for Rule 11 sanctions against Grappolini. Lucini contends that Grappolini knowingly made false statements to the court, in its briefs, in an attempt to influence the courts ruling on the motion to dismiss. Rule 11 sanctions are appropriate when a party or an attorney makes arguments or files "claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998). Although there may have been some inaccuracies in Grappolini's briefs the court finds that they do not rise requiring the imposition of sanctions. Therefore, Lucini's motion for Rule 11 sanctions is denied

## Conclusion

For the forgoing reasons, Grappolini's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is denied. Lucini's motion for Rule 11 sanctions is also denied for the forgoing reasons. It is so ordered

IT IS SO ORDERED.

ENTER: *[signature]*

CHARLES RONALD NORGLE, SR., Judge

DATED: 2-8-02